## E. Bucher Packing Company, Appellee, v. Joe McAllister et al., Appellants.

### (Not to be reported in full.)

Appeal from the Circuit Court of Pulaski county; the Hon. A. W. LEWIS, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed November 13, 1916.

### Statement of the Case.

Action of assumpsit aided by attachment by E. Bucher Packing Company, plaintiff, against Joe McAllister, defendant, I. J. Hudson interpleading and claiming the property under a chattel mortgage. From a judgment for plaintiff for $371.43 and costs, defendants appeal.

CHARLES L. RICE, for appellants.

MILLER & BRITTON and GEORGE B. BAKER, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

1. CONTRACTS, § 387*—*when evidence is sufficient to sustain verdict for plaintiff on issue of nonperformance.* Evidence *held* sufficient to sustain the finding and judgment for plaintiff on issue of nonperformance of contract.

2. APPEAL AND ERROR, § 624*—*when appeal must be prayed for and allowed.* Where the holder of a chattel mortgage executed by the defendant in an attachment suit upon the property attached interpleaded in said suit and excepted to the judgment therein in favor of the plaintiff, signed the defendant's appeal bond, and joined in the defendant's assignment of errors in the brief and argument filed in the case, but did not himself pray for or effect an appeal, *held* that it was imperative that an appeal be prayed for and allowed at the term at which the judgment, order or decree was entered, and motion to dismiss appeal by such interpleader should be sustained.

3. APPEAL AND ERROR, § 1265*—*when presumed that court applied law to facts in case correctly.* In the absence of any propositions of law presented by appellant or question raised as to the correctness of the rulings of the court on the evidence as to appellant, it must be presumed the court applied the law to the facts in the case correctly.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.